```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


SEAN LAMONT DUDLEY,           :
                                    Civil Action No. 05-1495 (JBS)
          Petitioner,         :

     v.                       :     OPINION

JOHN NASH, Warden,            :

          Respondent.         :
```

**APPEARANCES:**

Sean Lamont Dudley, Petitioner pro se
#12961-058
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE**, District Judge

Petitioner Sean Lamont Dudley, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]

Because it appears from a review of the Petition that this Court lacks jurisdiction to consider this Petition, and that it is not in the interest of justice to transfer, this Court will

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

dismiss the petition without prejudice.  See 28 U.S.C. §§ 1631, 2243, 2244(a), 2255.

## I.  BACKGROUND

The following background statement is taken from the allegations of the Petition, the truth of which is assumed for purposes of this Opinion and the accompanying Order.

On January 8, 1997, a federal grand jury sitting in the Western District of North Carolina returned a two-count indictment against Petitioner and three other named defendants. Count one alleged that the four named defendants and others unknown to the grand jury conspired to possess with intent to distribute cocaine; count two alleged that Petitioner and the same other three named defendants aided and abetted each other to possess cocaine.

On July 11, 1997, Petitioner entered a modified plea of guilty to both counts.  Petitioner pleaded guilty to conspiracy with an unnamed person, not with the other three named defendants.  The Court accepted the plea but deferred the final factual basis determination until sentencing, following trial of Petitioner's co-defendants.

On February 28, 1998, after the trial of Petitioner's co-defendants, at which Petitioner testified that he did not conspire with the named co-defendants, the district court held

the factual basis hearing and sentencing.  The district court imposed a sentence of 360 months imprisonment.

Petitioner appealed his conviction and sentence to the U.S. Court of Appeals for the Fourth Circuit, on grounds other than those asserted here, which affirmed.

Petitioner filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, on September 27, 1999, asserting grounds other than those asserted here.  The district court denied the § 2255 motion and a subsequent motion for reconsideration.  The U.S. Court of Appeals for the Fourth Circuit affirmed and the U.S. Supreme Court denied certiorari. Petitioner subsequently sought relief in the trial court pursuant to Fed.R.Civ.P. 60(b).  That motion is pending.

Here, Petitioner asserts that he is entitled to seek relief pursuant to 28 U.S.C. § 2241, despite the fact that he has filed a previous § 2255 motion, because he is asserting "actual innocence."  Specifically, Petitioner asserts that there was an insufficient factual basis for his guilty plea, because the factual basis was supplied, in part, by his testimony at the trial of his co-defendants, and the trial court rejected other portions of that testimony as perjurious.  Petitioner asserts that the trial court could not cherry-pick portions of the testimony to serve as the factual basis for the plea, while rejecting other portions as false.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

## III. ANALYSIS

Petitioner contends that he is entitled to habeas relief under § 2241, despite the fact that he has filed a previous

4

§ 2255 motion, because he is "actually innocent" and relief under § 2255 now is "inadequate or ineffective."  See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

As noted by the Court of Appeals for the Third Circuit in Dorsainvil, 119 F.3d at 249, § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Before a second or successive § 2255 motion can be filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition on the grounds of either (1) newly-discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense or (2) a new rule of constitutional law made retroactive by the Supreme Court.  28 U.S.C. §§ 2244, 2255.

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  A § 2255 motion

is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent

6

gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

More recently, the Court of Appeals for the Third Circuit emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  See Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard).  The Court distinguished the intervening change in the law in Dorsainvil, which was one "that potentially made the crime for which that petitioner was convicted non-criminal."  Id. at 120-21.

Here, Petitioner does not allege that his claim of "actual innocence" derives from either a new and retroactive rule of constitutional law or newly-discovered facts.  To the contrary, Petitioner's claim of a deficient guilty plea could have been raised in either his direct appeal or his § 2255 motion.  Thus, § 2255 is not inadequate or ineffective to test the legality of his detention.  Petitioner cannot avail himself of a § 2241 motion under these circumstances.  Instead, this Petition must be construed as a second or successive § 2255 motion, which the Court of Appeals for the Fourth Circuit has not certified Petitioner to file, and over which this Court lacks jurisdiction.[2]  28 U.S.C. § 2255.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in

---

[2] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner in this case has already filed a § 2255 motion which was addressed by the sentencing Court, and because the current Petition is itself "second or successive," no purpose would be served by a Miller notice.

which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

Several Circuit Courts of Appeals have addressed the issue whether district courts faced with "second or successive" habeas petitions filed without authorization from the Court of Appeals should dismiss, for want of jurisdiction, or transfer to the appropriate Court of Appeals under 28 U.S.C. § 1631, "in the interest of justice."[3]  Neither the Court of Appeals for the Third Circuit or for the Fourth Circuit mandates transfer.  Cf., e.g., 3d Cir. L.A.R. 22.5(h) (contemplating transfer by district court) and 22.5(j) (contemplating district court denial of second or successive petition for failure to obtain authorization); Jones v. Braxton, 392 F.3d 683, 691 (4th Cir. 2004) (declining to adopt

---

[3] Three Circuits mandate transfer.  See In re Sims, 111 F.3d 45, 47 (6th Cir. 1997); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997); Liriano v. United States, 95 F.3d 119, 122 (2d Cir. 1996).  The First Circuit permits, but does not mandate, transfer.  See United States v. Barrett, 178 F.3d 34, 41 n.1 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000).  In dicta, the Seventh Circuit has noted that a district court must dismiss or transfer an unauthorized second or successive habeas petition. Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996).  Both the First and Seventh Circuits treat the notice of appeal from a dismissal for lack of jurisdiction as a request for authorization to file a second or successive habeas petition.  See Pratt v. United States, 129 F.3d 54, 58 (1st Cir. 1997), cert. denied, 523 U.S. 1123 (1998); Nunez v. United States, 96 F.3d 990, 991-92 (7th Cir. 1996).  Concluding that transfer in the specific circumstances presented would not have been "in the interest of justice," the Eleventh Circuit has affirmed district court dismissals for lack of jurisdiction where one petition was clearly untimely and another was filed and dismissed before the expiration of the statute of limitations.  Guenther v. Holt, 173 F.3d 1328 (11th Cir. 1999), cert. denied, 528 U.S. 1085 (2000).

a blanket policy of mandatory transfer of unauthorized second or successive § 2254 habeas petitions); Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003) (noting that a district court confronted with a second or successive habeas petition has the option to dismiss for lack of jurisdiction or to transfer the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631).

Because Petitioner does not assert any ground for relief justifying authorization to file a second or successive § 2255 petition, and because he has a Rule 60 motion pending before the trial court, it does not appear that transfer would be in the interest of justice.  Accordingly, the Petition will be dismissed without prejudice for lack of jurisdiction.

## IV.  CONCLUSION

For the reasons set forth above, this action will be dismissed without prejudice.  An appropriate order follows.


 **s/ Jerome B. Simandle**
 Jerome B. Simandle
 United States District Judge

Dated:  **July 21, 2005**